HONORABLE ROBERT H. WHALEY

1

2  Judith Lurie, WSBA #26097
Steve Fredrickson, WSBA #4799
3  NORTHWEST JUSTICE PROJECT
23 S. Wenatchee Ave., Suite 110
4  Wenatchee, WA  98801
509-664-5101
5

Carol Vaughn, WSBA #16579
6  THOMPSON & HOWLE
1301 – 5th Avenue, Suite 2600
7  Seattle, WA  98101
(206)682-8400
8

Attorneys for Plaintiffs
9
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
10

11  FERMIN MENDOZA; FRENCHMAN HILL
APARTMENTS RESIDENT ASSOCIATION,          No. CS-03-0494-RHW

12          Plaintiffs,                             PLAINTIFFS' OBJECTION TO *SUA
SPONTE* ENTRY OF SUMMARY
13          vs.                                     JUDGMENT FOR DEFENDANTS

14  FRENCHMAN HILL APARTMENTS
LIMITED PARTNERSHIP, *et. al.,*
15

16          Defendants.

## I.    INTRODUCTION
17

18      The Plaintiffs object to the Court's *sua sponte* entry of partial summary judgment

19  in favor of the Defendants on the issue of whether Plaintiffs have an enforceable right

20

PLAINTIFFS' OBJECTION TO *SUA SPONTE*
ENTRY OF SUMMARY JUDGMENT FOR
DEFENDANTS - 1

**Northwest Justice Project**
23 S. Wenatchee Ave., Suite 110
Wenatchee, Washington 98801
Phone: (509) 664-5101  Fax: (509) 665-6557

under 42 U.S.C. §1983 to a clause in the regulatory agreement[1] that contains the no-cause

eviction prohibition mandated by Congress.  Congress could not have expressly provided

that individual tenants have a right to enforce the clause containing the prohibition in

State courts without necessarily intending that tenants have a right to the clause in the

first place.

## II.    STATEMENT OF FACTS

The relevant facts are set forth in the Memorandum of Law in Support of

Plaintiffs' Motion for Summary Judgment.

## III.    ARGUMENT

Plaintiffs reiterate the limited claim they are presenting in this case: that current,

former and future qualifying tenants of Low Income Housing Tax Credit ("LIHTC")

apartments have a right to a clause in the regulatory agreement that prohibits evictions

and terminations of tenancies absent good cause.  It is that right that Plaintiffs seek to

enforce, *not* the right to have their tenancies renewed absent good cause to evict or

terminate found at §42(h)(6)(B)(ii)

### A.    The Plaintiffs meet the three-factor test set forth in *Blessing.*

As the Ninth Circuit recently pointed out in *Price v. City of Stockton,* 390 F.3d

1105 (9th Cir. 2004), the initial inquiry in evaluating whether rights exist that are

---

[1] Throughout this Objection, "regulatory agreement" refers to the "extended low-income
housing commitments" or "extended use agreements" referred to in 26 U.S.C. §42 *et seq.*

PLAINTIFFS' OBJECTION TO *SUA SPONTE*
ENTRY OF SUMMARY JUDGMENT FOR
DEFENDANTS - 2

**Northwest Justice Project**
23 S. Wenatchee Ave., Suite 110
Wenatchee, Washington 98801
Phone: (509) 664-5101  Fax: (509) 665-6557

1    enforceable under §1983 is "whether or not Congress intended to confer individual rights

2    upon a class of beneficiaries." *Price* at 1109, quoting *Gonzaga Univ. v. Doe,* 536 U.S.

3    273, 285 (2002).  *Price* also reaffirmed that the test to be applied is the three-factor test

4    set forth in *Blessing v. Freestone,* 520 U.S. 329 (1997).  *Price* at 1109.  The three factors,

5    all of which are met by the Plaintiffs in this case, are:

> "Congress must have intended that the provision in question benefit the
> plaintiff," "the plaintiff must demonstrate that the right assertedly protected
> is not so 'vague and amorphous' that its enforcement would strain judicial
> competence," and "the provision giving rise to the asserted right must be
> couched in mandatory, rather than precatory, terms." *Gonzaga* at 282,
> quoting *Blessing* at 340-341.

1.    **Plaintiffs meet the first *Blessing* factor: Congress intended to create
      individual rights for qualified current, former and future tenants of
      LIHTC apartments.**

a.    **Section 42 (h)(6)(B)(i) contains "rights-creating" language.**

The Court in *Gonzaga* clarified that under the first *Blessing* factor, the plaintiff

must show that Congress must have conferred "rights" not just vaguer "benefits" or

"interests," (*Gonzaga* at 283) and that "rights-creating" language is language that imparts

an "individual entitlement" with an "unmistakable focus" on the benefited class vs.

language with a focus on systemwide policies.  *Gonzaga* at 287-288.

The *Gonzaga* court quoted the language of Title VI of the Civil Rights Act and

Title IX of the Educational Amendments of 1972  ("No *person ... shall ...* be subjected

to discrimination") as *examples* of rights-creating language by virtue of their

"*unmistakable focus* on the benefited class." (*Gonzaga* at 284, quoting *Cannon v. Univ.*

PLAINTIFFS' OBJECTION TO *SUA SPONTE*
ENTRY OF SUMMARY JUDGMENT FOR
DEFENDANTS - 3

Northwest Justice Project
23 S. Wenatchee Ave., Suite 110
Wenatchee, Washington 98801
Phone: (509) 664-5101 Fax: (509) 665-6557

1   *of Chicago*, 441 U.S. 677, 691 (1979))  This specific choice of words is not, however,

2   required to constitute "rights-creating" language.  As discussed *infra*, *Gonzaga* did not

3   overrule *Wright* or *Wilder* in which the Court found rights under §1983 without classic

4   rights-creating language.  Similarly, Courts since *Gonzaga* have found rights-creating

5   language in statutes that said, instead, "[e]ach grantee shall provide …" (*Price* at 1110,

6   finding that the Housing and Community Development Act confers rights upon displaced

7   tenants), and "[a] State Plan must provide …"(*Sabree v. Richman*, 367 F.3d 180, 190 (3d

8   Cir. 2004) noting that it was "difficult, if not impossible, as a linguistic matter, to

9   distinguish" the import of  …  "A State plan must provide…" from the "No person shall"

10  language of Title VI and IX).

11        Section 42(h)(6)(B)(i) contains rights-creating language.  As discussed in more

12  detail at 1. d. and e., *infra,* it imparts an individual entitlement with an unmistakable

13  focus on the benefited class:  eligible current, former, and past tenants of LIHTC

14  apartments.

15              **b.      The Plaintiffs are not several steps removed from the focus**
                **of §42(h)(6)(B)(i), nor are the Plaintiffs tangential**
16              **beneficiaries of this portion of the LIHTC statute.**

17        The Court in *Gonzaga* found that the plaintiffs were "two steps removed" from the

18  portion of the Family Educational Rights and Privacy Act ("FERPA") they sought to

19  enforce because:

20        FERPA's provisions speak only to the Secretary of Education, directing that
          '[n]o funds shall be made available' to any 'educational agency or

institution' which has a prohibited *'policy or practice.'* 20 U.S.C. §1232g(b)(1). This focus is two steps removed from the interests of individual students and parents and clearly does not confer the sort of *'individual* entitlement' that is enforceable under §1983." *Gonzaga* at 287.

Unlike the plaintiffs in *Gonzaga,* the Plaintiffs in this case are not two steps removed from the focus of §42(h)(6)(B)(i) because the statute speaks not of a policy or practice, but of a specific, universally applicable, bright-line requirement that benefits a specific group of individuals.[2] Section 42(h)(6)(B)(i) requires that in *every case* the regulatory agreement must contain the clause prohibiting evictions and terminations of tenancies absent good cause, which prohibition is enforceable by a specifically defined group of people in a specific forum.

*Gonzaga* does not require that a statute speak directly to the benefited class in order to be enforceable through §1983. Importantly, *Gonzaga* did not overrule *Wright v. Roanoke Redevelopment and Housing Authority,* 479 U.S. 418 (1987), in which the Public Housing Act spoke to the obligations of housing authorities to abide by certain rent ceilings that in turn benefited tenants. Nor did *Gonzaga* overrule *Wilder v. Virginia Hospital Assn.*, 496 U.S. 498 (1990), in which the Medicaid Act spoke to the obligations of the participating states to approve a plan that reimbursed health care providers at a reasonable and adequate rate that in turn benefited health care providers. *Sabree v.*

---

[2] The same thing can be said for the clause required by §42(h)(6)(B)(iv) that unquestionably grants a right to section 8 voucher and certificate holders to be free from discrimination in the rental of LIHTC apartments.

PLAINTIFFS' OBJECTION TO *SUA SPONTE*
ENTRY OF SUMMARY JUDGMENT FOR
DEFENDANTS - 5

Northwest Justice Project
23 S. Wenatchee Ave., Suite 110
Wenatchee, Washington 98801
Phone: (509) 664-5101  Fax: (509) 665-6557

1   *Richman*, 367 F.3d 180, 184 and 192 (3d. Cir 2004) (noting that *Gonzaga* carefully

2   avoided disturbing, much less overruling *Wilder* and *Wright*.)

3        The rights conferred on tenants in §42(h)(6)(B)(i) that arise out of an agreement

4   between the taxpayer and the IRS are no more tangential than the rights of displaced

5   tenants enforced through §1983 in *Price* (in which the plaintiffs' rights were created out

6   of a requirement that federal Block Grant recipients certify that they are following a

7   residential antidisplacement and relocation assistance plan).  Nor are those rights any

8   more tangential than the rights of plaintiffs in *Wilder* that arose out of a "plan."

9        **c.      The legislative history of §42(h)(6)(B) supports the conclusion**
            **that Congress intended to confer rights enforceable through**
10           **§1983.**

11       The statement in the legislative history of §42(h)(6)(B) that "[t]his provision

12   contemplates a remedy of specific enforcement in the State courts but does not create a

13   remedy under Federal Law." (House Report 101-247 (Sept. 20, 1989)) refers to the

14   enforcement of the terms of the regulatory agreements, not to the enforcement of the

15   requirement that the regulatory agreements contain certain clauses.  This passage focuses

16   on how the contents of the regulatory agreement are to be enforced and designates a state

17   court enforcement remedy of those contents *once they are in place*.

18       **d.      Section 42(h)(6)(B)(i) has an individual not an aggregate focus.**

19       The Court in *Gonzaga* stated that, "spending legislation *drafted in terms*

20   *resembling those of FERPA"* does not confer enforceable rights.  *Gonzaga* at 279,

PLAINTIFFS' OBJECTION TO *SUA SPONTE*
ENTRY OF SUMMARY JUDGMENT FOR
DEFENDANTS - 6

**Northwest Justice Project**
23 S. Wenatchee Ave., Suite 110
Wenatchee, Washington 98801
Phone: (509) 664-5101 Fax: (509) 665-6557

1   *emphasis added.*  The Court distinguishes FERPA from other spending clause provisions

2   enforced under §1983 by pointing out that FERPA "speaks only in terms of institutional

3   policy and practice, not individual instances of disclosure." *Gonzaga* at 288.  Similarly,

4   in *Blessing* the Court found no §1983 action because the statute required only that state

5   child welfare agencies "substantially comply" with the requirements set forth in the

6   Social Security Act, and that the requirements were merely a "yardstick" to measure

7   "systemwide" performance of a state's entire program.  *Blessing* at 330.

8       In contrast, §42(h)(6)(B)(i) speaks of strict compliance with a very particular

9   requirement, not of "policies" or "practices" or "substantial compliance."   It requires that

10  *each* regulatory agreement include a *specific* prohibition against *any* eviction or

11  termination of tenancy absent good cause.  The fact that the IRS may allow a taxpayer

12  one year in which to correct noncompliance does not make the requirement any less

13  specific, or any less focused on individual instances of noncompliance.  Whether or not

14  the regulatory agreement has been corrected to include the prohibition, the requirement

15  that the prohibition be in place gives LIHTC tenants the right to assert the lack of good

16  cause as a defense to every eviction case.

> **e.      Section 42(h)(6)(B)(i) serves primarily to grant tenants an
> individual entitlement; the broader purpose of the LIHTC
> statute is not relevant.**

19      The appropriate inquiry under §1983 jurisprudence is not whether, considered as a

20  whole, the statute creates rights, but whether the *specific* provision under which the

PLAINTIFFS' OBJECTION TO *SUA SPONTE*
ENTRY OF SUMMARY JUDGMENT FOR
DEFENDANTS - 7

**Northwest Justice Project**
23 S. Wenatchee Ave., Suite 110
Wenatchee, Washington 98801
Phone: (509) 664-5101  Fax: (509) 665-6557

1   plaintiff is asserting a right was designed to benefit the plaintiff.  *Blessing* at 342.  *See*

2   *also Price* at 1110 (stating that a §1983 inquiry under the Housing and Community

3   Development Act must focus on the specific portion of the statue sought to be enforced,

4   and not on the statute generally.)

5        Section 42(h)(6)(B)(i) does not serve to direct the distribution of funds, but to

6   ensure that tenants of LIHTC apartments are protected from evictions and terminations

7   absent good cause.  Even if the LIHTC statute broadly considered *were* relevant to the

8   inquiry, the statute's overall purpose is to create low-income housing (what the Plaintiffs

9   seek to preserve through §42(h)(6)(B)(i)) not to give away tax credits to investors.

10             **f.     The absence of access to an alternative enforcement**
                      **mechanism by aggrieved LIHTC tenants "buttresses" the**
11                    **conclusion that Congress intended to create an enforceable**
                      **right.**

12        The *Gonzaga* court looked to the *availability* under FERPA to individually

13   aggrieved students and parents of an administrative remedy to "buttress" its conclusion

14   that Congress must not have intended to create a right enforceable by students and

15   parents. *Gonzaga* at 289.  This Court should not look to the *absence* of an alternative

16   administrative enforcement mechanism accessible to tenants to buttress a conclusion that

17   Congress must not have intended to create a right enforceable by individual tenants.   To

18   the contrary, that 26 U.S.C. §42 *et seq.* offers *no* alternative enforcement mechanism

19   whatsoever to the intended beneficiaries of §42(h)(6)(B)(i) puts the Plaintiffs in the same

20

PLAINTIFFS' OBJECTION TO *SUA SPONTE*
ENTRY OF SUMMARY JUDGMENT FOR
DEFENDANTS - 8

**Northwest Justice Project**
23 S. Wenatchee Ave., Suite 110
Wenatchee, Washington 98801
Phone: (509) 664-5101  Fax: (509) 665-6557

1    camp as those in *Wright* and *Wilder* who lacked any federal review mechanism and in

2    which the Court found enforceable rights.

> **2.    Plaintiffs meet the second *Blessing* factor: the language of §42(h)(6)(B)(i) is not vague or amorphous.**

     The requirement contained in §42(h)(6)(B)(i) is clear, specific and easily enforced judicially. There is no dispute that the regulatory agreement between the Commission and the Frenchman Hill defendant does not contain the protective language required by §42(h)(6)(B)(i).

> **3.    Plaintiffs meet the third *Blessing* factor: the language of §42(h)(6)(B)(i) is mandatory, not precatory.**

     The clause in the regulatory agreement prohibiting evictions or terminations of tenancies absent good cause is mandatory, not precatory. Section 42(h)(6)(B)(i) does not *entreat* taxpayers to include this prohibition, it *requires* them to do so. The fact that one consequence of noncompliance is withdrawal of funding by the IRS does not make the requirement precatory. In *Price*, the Ninth Circuit recently found mandatory a provision of the Housing and Community Development Act in which the consequence for noncompliance is the withdrawal of federal Block Grant funds. This was also the case in *Wright,* in which the statute directed HUD to withhold funds unless …, and in *Wilder,* in which the statute directed the Secretary of Health and Human Services to withhold funds unless …. Both of these cases as discussed *supra,* continue to be good law.

> **B.    The Plaintiffs meet the second phase of the §1983 inquiry: Congress did not intend to foreclose the right.**

PLAINTIFFS' OBJECTION TO *SUA SPONTE*
ENTRY OF SUMMARY JUDGMENT FOR
DEFENDANTS - 9

**Northwest Justice Project**
23 S. Wenatchee Ave., Suite 110
Wenatchee, Washington 98801
Phone: (509) 664-5101  Fax: (509) 665-6557

Having satisfied the three factors in *Blessing* the burden shifts to the Defendants to rebut the presumption that enforceable rights exist by showing either that Congress expressly foreclosed a remedy under §1983, or impliedly did so by creating an alternative enforcement mechanism that is incompatible with individual enforcement. *Price* at 1114. Defendants can demonstrate neither in this case. There is neither an express statement by Congress that the right asserted by Plaintiffs is not enforceable under §1983, nor, as discussed in subsection A. 1. f., has Congress impliedly foreclosed the rights through the creation of an alternative enforcement mechanism accessible by individual tenants.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs ask the Court to reconsider its *sua sponte* grant of partial summary judgment to the Defendants, and to grant summary judgment in favor of the Plaintiffs on their LIHTC §1983 claim.

Respectfully submitted this 31st day of January, 2005.

NORTHWEST JUSTICE PROJECT                    THOMPSON & HOWLE

s/Judith Lurie                                             s/Carol Vaughn
Judith Lurie, WSBA #26097                       Carol Vaughn, WSBA #16579
Steve Fredrickson, WSBA #4799              Attorneys for Plaintiffs
Attorneys for Plaintiffs                              Phone: (206)682-8400
Phone (509) 664-5101                                FAX: (206)682-9491
FAX:  (509) 665-6557                                Email: carolv@thompsonhowle.com
Email:  Judithl@nwjustice.org

PLAINTIFFS' OBJECTION TO *SUA SPONTE*            **Northwest Justice Project**
ENTRY OF SUMMARY JUDGMENT FOR                   23 S. Wenatchee Ave., Suite 110
DEFENDANTS - 10                                           Wenatchee, Washington 98801
                                                                   Phone: (509) 664-5101  Fax: (509) 665-6557

1

**CERTIFICATE OF SERVICE**

2    I HEREBY CERTIFY under penalty of perjury under the laws of the Unites States

3    that on January 31, 2005, I caused to be served a true and correct copy of the foregoing

4    Objection to *Sua Sponte* Granting of Summary Judgment to Defendants by the methods

5    indicated below, and addressed to all counsel of record as follows:

6    John R. Nelson                          (X)    US Mail
     Foster Pepper & Schefelman PLLC         ( )    Hand Delivery
7    US Bank Building                        ( )    Overnight Mail
     West 422 Riverside Ave., Ste. 1310      ( )    Facsimile
8    Spokane, WA 99201                       (X)    CM/ECF System

9    Thomas Ahearne                          (X)    US Mail
     Jeffrey Miller                          ( )    Hand Delivery
10   Foster Pepper & Schefelman PLLC         ( )    Overnight Mail
     1111 Third Avenue, Ste. 3400            ( )    Facsimile
11   Seattle, WA 98101                       ( )    CM/ECF System

12   Harold Moberg                           (X)    US Mail
     Moberg Law Firm                         ( )    Hand Delivery
13   607 East Riviera Avenue                 ( )    Overnight Mail
     Moses Lake, WA 98837                    ( )    Facsimile
14                                           ( )    CM/ECF System

15   Dated: January 31, 2005

16   s/   Judith Lurie_____
     Judith Lurie, WSBA #26097
17   Attorney for Plaintiffs
     Phone (509) 664-5101
18   FAX: (509) 665-6557
     Email: Judithl@nwjustice.org

19

20

Northwest Justice Project
23 S. Wenatchee Ave., Suite 110
Wenatchee, Washington 98801
Phone: (509) 664-5101 Fax: (509) 665-6557