UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FERMIN MENDOZA; FRENCHMAN HILL APARTMENTS RESIDENT ASSOCIATION,<br><br>    Plaintiffs,<br><br>v.<br><br>FRENCHMAN HILL APARTMENTS LIMITED PARTNERSHIP, *et al.*,<br><br>    Defendants. | NO. CV-03-494-RHW<br><br>**ORDER ENTERING JUDGMENT AND DENYING PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES** |

Before the Court is Plaintiffs' Motion to Reopen and Award Attorney's Fees, filed March 15, 2005 (Ct. Rec. 66). Plaintiffs Fermin Mendoza and Frenchman Hill Apartments Resident Association originally filed a complaint on December 29, 2003 against Defendants, Frenchman Hill Apartments Limited Partnership, *et al.*, seeking declaratory and injunctive relief. On January 20, 2005, an Order was entered Denying in Part and Granting in Part Plaintiff's Motion for Summary Judgment (Ct. Rec. 60). On February 15, 2005, an Order was entered Granting, *Sua Sponte*, Partial Summary Judgment in favor of the Defendant (Ct. Rec. 63).

//
//
//
//
//

**ORDER ENTERING JUDGMENT AND DENYING PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES** *1

## DISCUSSION

### I. Timeliness of Plaintiffs' Motion

The Defendants argue that Plaintiffs' motion for attorney's fees is untimely. "An entry of judgment and amended judgment must be set forth on a separate document . . .." Fed. R. Civ. P. 58(a). No entry of judgment has been filed in this case, and as such Plaintiff's Motion to Reopen and Award Attorney's Fees is timely under both Fed. R. Civ. P. 54(d)(2)(B) and Local Rule 54.1.

Below, the Court directs the District Court Executive to enter judgment in favor of Plaintiffs Fermin Mendoza and Frenchman Hill Apartments Resident Association against Defendant Frenchman Hill Apartments Limited Partnership, the Housing Authority of Grant County, and John Poling on the Plaintiffs' Due Process Claim (Ct. Rec. 60). The Court, however, directs the District Court Executive to enter judgment in favor of the Defendants on all remaining claims.

### II. Plaintiffs' Prevailing Party Status

The Defendants argue that Plaintiffs are not a prevailing party and, therefore, they cannot recover attorney's fees. 42 U.S.C. § 1988(b) provides in pertinent part that "any action or proceeding to enforce a provision of section . . . 1983 . . . of this title the court, in its discretion, may allow the prevailing party, other then the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b).

A party is "prevailing" "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby,* 506 U.S. 103, 111-112 (1992); *see also Gerling Global Reinsurance Corp. of America v. Garamedi,* 400 F.3d 803, 806 (9th Cir. 2005) (holding plaintiffs were prevailing parties when they obtained relief on the merits of their claim).

A plaintiff who succeeds on only a portion of his claims is not automatically barred from recovery of attorney's fees under 42 U.S.C. § 1988(b). *See Texas*

**ORDER ENTERING JUDGMENT AND DENYING
PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES** *2

*State Teachers Ass'n v. Garland Indep. School Dist.,* 489 U.S. 782, 791-92 (1989). So long as the plaintiff has succeeded on "any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit," the plaintiff has met the prevailing party status requirements. *Texas State,* 489 U.S. at 792, *quoting, Nadeau v. Helgemoe,* 581 F.2d 275, 278-79 (9th Cir. 1978). However, if success in a legal claim "can be characterized as *de minimis*" the court may find the plaintiff is not the prevailing party. *Texas State,* 489 U.S. at 792.

The Plaintiffs prevailed on their motion for summary judgment that Defendants Frenchman Hill Apartments Limited Partnership, *et al.*, had violated the Plaintiffs' due process rights (Ct. Rec. 60). However, the Court found that Washington statutes provided adequate procedural protections and no additional administrative hearings were necessary. The Plaintiffs were unsuccessful in the remainder of their claims for relief. Accordingly, the Court finds that the Plaintiffs' success can be characterized as *de minimis*, and an award of fees is not appropriate.

**Accordingly, IT IS HEREBY ORDERED:**

1. The Court directs the District Court Executive to **ENTER JUDGMENT** in **FAVOR** of Plaintiffs Fermin Mendoza and Frenchman Hill Apartments Resident Association **AGAINST** Defendants Frenchman Hill Apartments Limited Partnership, the Housing Authority of Grant County, and John Poling on the Plaintiff's Section 1983 Due Process Claim for Declaratory Judgment (Ct. Rec. 60). The Court, however, directs the District Court Executive to **ENTER JUDGMENT** in **FAVOR** of the Defendants against Plaintiffs on all remaining claims.

2. Plaintiffs' Motion for Attorney Fees (Ct. Rec. 66) is **DENIED**.

//
//

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and to furnish copies to counsel.

**ORDER ENTERING JUDGMENT AND DENYING PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES** *3

1 **DATED** this 16th day of May, 2005.

3  s/ ROBERT H. WHALEY
   United States District Judge

25 Q:\CIVIL\2003\Mendoza\Mendoza.fees.deny.ord.wpd

**ORDER ENTERING JUDGMENT AND DENYING
PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES** *4